**The SENECA NATION OF INDIANS, Appellant,**

v.

**Wilber M. BRUCKER, Secretary of the Army, and Emerson C. Itschner, Major General, United States Army Corps of Engineers, Appellees.**

**No. 14488.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 31, 1958.

Decided Nov. 25, 1958.

Mr. Edward E. O'Neill, Washington, D. C., with whom Mr. C. Walter Harris, Washington, D. C., was on the brief, for appellant.

Mr. Roger P. Marquis, Attorney, Department of Justice, for appellees.

Before EDGERTON, WILBUR K. MILLER, and BASTIAN, Circuit Judges.

PER CURIAM.

The appellant Seneca Nation of Indians seeks an injunction to restrain the appellees from constructing an Allegheny Reservoir Project so as to flood a substantial amount of appellant's lands. The District Court dismissed the complaint.

It is undisputed (1) that the proposed flooding will infringe Indian rights acquired by treaty in 1794, 7 Stat. 44, and (2) that Congress can authorize a taking by eminent domain despite the treaty. Cherokee Nation v. Southern Kansas Railway Company, 1890, 135 U.S. 641, 654–657, 10 S.Ct. 965, 34 L.Ed. 295. The question here is whether Congress has, in a sufficiently clear and specific way, shown an intention to do so.

An Act of Congress of August 18, 1941 appropriated $45,000,000 "for the prosecution of the comprehensive plan approved in the Act of June 28, 1938, for the Ohio River Basin, modified to include the Allegheny Reservoir project in ac-

**28**

cordance with the recommendation of the Chief of Engineers in House Document Numbered 300, Seventy-sixth Congress, first session." 55 Stat. 638, 646. In that Document the Chief of Engineers plainly showed that the project he recommended would flood the lands in suit in violation of the treaty of 1794. In January 1957 the United States District Court for the Western District of New York in condemnation proceedings authorized a survey of the lands in question, "based upon the verified assertion of the Secretary of War that a survey of such lands and others would be necessary for the construction of the Kinzua dam." United States v. 21,250 Acres of Land, D.C., 161 F.Supp. 376, 377.

In August 1957 Congress appropriated funds "For the prosecution of river and harbor, flood control, shore protection, and related projects authorized by law * * *." 71 Stat. 416, 417. The hearings, congressional debate and Senate report on this appropriations bill show that the Allegheny River Reservoir was one of the projects covered. They also show Congress knew (1) that the Seneca lands would be flooded, (2) that the Seneca Nation was unwilling to relinquish any of its rights in the lands, and (3) that the lands could be taken by eminent domain. Hearings, House Subcommittee on Appropriations, 85th Cong., 1st Sess., on Public Works Appropriations for 1958, Government Justification, part 2, pp. 111–128; Hearings, House Subcommittee on Appropriations, 85th Cong., 1st Sess., on Public Works Appropriations for 1958, Private Testimony, part 1, pp. 451–479, 497–498, 1030–1033, 1050–1052; Hearings, Senate Subcommittee on Appropriations on H.R. 8090, Civil Functions, Department of the Army, pp. 785–791, 1290–1293, 1379–1388, 2285–2291, 2457–2462; 103 Cong.Rec., 85th Cong., 1st Sess., part 7, pp. 9674–9675, 9683–9684, 9702–9709; 103 Cong.Rec., 85th Cong., 1st Sess., part 10, pp. 13977–13981; S.Rep.No. 609, 85th Cong., 1st Sess., p. 26. Both of the Senators from New York, Senator Ives and Senator Javits, after ex-

pressing concern over the taking of Indian lands, voted for the bill. Senator Ives said:

"What has disturbed me, as my friend from Louisiana and some other members of the Committee on Appropriations know, is that by this action we will be virtually wiping out the Allegheny Reservation of the Seneca Nation of the Iroquois Confederacy in New York State. * * * I realize that under the procedure followed by the Government of the United States over the years in the handling of matters concerning Indian reservations, the Government has the legal right to do what is proposed. But what distresses me is the moral responsibility we have. 103 Cong.Rec., 85th Cong., 1st Sess., part 10, p. 13977."

We think Congress has authorized the taking of these lands.

Affirmed.